UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA RUPNOW, PETER SZOSTAK, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E*TRADE SECURITIES, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-10942-DLC<br><br><u>CLASS ACTION</u> |

## <u>JUDGMENT APPROVING CLASS ACTION SETTLEMENT</u>

WHEREAS, a class action entitled Joshua Rupnow, Peter Szostak, and all others similarly situated v. E*TRADE Securities, LLC, Civil Action No. 1:19-cv-10942-DLC, Civil Action (the "Action"), is pending in this Court;

WHEREAS, Lead Plaintiffs Peter Szostak and Joshua Rupnow, ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); (b) defendant E*TRADE Securities, LLC ("E*TRADE" or "Defendant", and with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement, dated April 21, 2023 (the "Settlement Agreement" or the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendant in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated May 19, 2023 (the "Preliminary Approval Order"), this Court: **(1)** granted, pursuant to Rule 23(b)(2) and 23(e) of the Federal Rules of Civil Procedure, preliminary approval of the Settlement Agreement and the plan of allocation, including the releases contained therein -- subject to final Court approval following the Final Approval Hearing -- as

1

being fair, reasonable, and adequate under Federal Rules of Civil Procedure 23(b)(2) and 23(e); **(2)** conditionally certified the Settlement Class described therein -- subject to final Court approval following the Final Approval Hearing -- pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3); **(3)** ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; **(4)** provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and **(5)** scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on October 6, 2023 (the "Final Approval Hearing"), to consider, among other things, (a) the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment.; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendant; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members for purposes of the Settlement.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on April 22, 2023 (at ECF No.

80-1); and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 26, 2023 and approved by Order of the Court on June 27, 2023 (ECF Nos. 92-93).

3.  Class Certification for Settlement Purposes – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons in the United States who, between May 26, 2016, and October 15, 2019, were charged Hard-To-Borrow Interest by E*TRADE as a result of Short Selling securities on an E*TRADE platform. Excluded from the Settlement Class is Defendant, any parents, subsidiaries, or affiliates of the Defendant or any employees, officers, or directors of Defendant; legal representatives, successors, or assigns of the Defendant, or any justice, judge or magistrate judge of the United States who has heard or may hear this case, and all other persons related to any such judicial officer as defined by 28 U.S.C. 455(b).

4.  **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff Peter Szostak as Class

Representative for the Settlement Class and appoints Lead Counsel Kent A. Bronson, formerly of Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") and currently of Bronson Legal LLC, and Mitchell Breit and Tyler Litke of Milberg as Class Counsel for the Settlement Class. The Court finds that Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iv) the request for incentive/service awards to be paid to Lead Plaintiffs; (v) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses or the request for incentive awards for the Lead Plaintiffs; (vi) their right to exclude themselves from the Settlement Class; and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

7. Final Settlement Approval and Dismissal of Claims – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully

and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claim asserted against Defendant E*TRADE), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length involving an experienced mediator, Peter Woodin, Esq. of JAMS; (c) the relief provided for the Settlement Class under the Settlement is fair, reasonable, and adequate taking into account the costs, risks, and delay of litigating this Action through discovery, summary judgment, trial, and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement and the Plan of Allocation.

8.  The Action and all of the claims asserted against Defendant in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement and in this Order.

9.  **Binding Effect** – The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendant, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10. **Releases** – The Releases set forth in paragraphs 14 and 15 of the Settlement Agreement, together with the definitions contained in paragraph 1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that without further action by anyone, and subject to paragraph 11 below:

(a) Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against the E*TRADE Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the E*TRADE Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims.

(b) E*TRADE, on behalf of itself and its respective administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released E*TRADE's Claims against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released E*TRADE's Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded E*TRADE's Claims.

(c) Further Release. In addition to the provisions of Paragraph 14, the Releasing Parties hereby expressly waive and release, solely with respect to the Released Claims, upon Final Judgment, any and all provisions, rights, and benefits conferred by Section 1542 of the California

Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 14, but each Releasing Party hereby expressly waives and fully, finally, and forever settles and releases, upon Final Judgment, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that the Releasing Parties have agreed to release pursuant to Paragraph 14, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions** – No Admission of Wrongdoing. Nothing in this Settlement Agreement, whether or not consummated, the negotiations leading to the Settlement Agreement, nor any proceedings taken pursuant to or in connection with this Settlement Agreement and/or

approval of the Settlement (including any arguments proffered in connection therewith) shall be construed as an admission of liability, or used as evidence of liability, for any purpose in any legal proceeding, claim, regulatory proceeding, or government investigation. This Settlement Agreement is merely the resolution of a dispute between the Parties, and nothing herein or in the negotiation of this Agreement will be construed or used in any manner as an admission of liability, wrongdoing or evidence of any Party's or their counsel's fault, liability or wrongdoing, and each party and their counsel respectively asserts that their respective claims and defenses raised in connection with this Action were asserted in good faith and that at all times they acted reasonably and in good faith in connection with their respective conduct related to the Action.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or litigation expenses by Lead Counsel in the Action or any other fees or expenses that will be paid from the Settlement Fund; (d) any request for payment of incentive/service awards to Lead Plaintiffs or any other approval and administration of the Plan of Allocation; (e) any motion to approve a Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the settlement of this Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and litigation expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 6th day of October, 2023.

                                                                      _____
                                                                      Denise Cote
                                                                      United States District Judge